UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARAS P. NYKORIAK,

        Plaintiff,

vs.

Case No. 17-CV-11202

HON. GEORGE CARAM STEEH

DETROIT POLICE OFFICER
RONALD THOMAS and CITY
OF DETROIT,

        Defendants.
_____/

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT [DOC. 14]

Plaintiff Taras Nykoriak's action arises out of an incident that occurred on May 1, 2014 when Detroit Police Officer Ronald Thomas initiated a traffic stop of plaintiff in the City of Detroit. Thomas issued plaintiff three citations and had plaintiff's vehicle towed from the scene. On April 17, 2017, plaintiff filed his complaint alleging unlawful search and seizure in violation of the Fourth Amendment, malicious prosecution and intentional infliction of emotional distress against Officer Thomas. Plaintiff alleges a violation of his due process rights under the Fourteenth Amendment by the City of Detroit.

The matter is before the court on the defendants' motion for summary judgment. The court is familiar with the case and has read the pleadings filed by both sides. The court does not believe that it would benefit from oral argument in this case and therefore decides the motion on the briefs. For the reasons given below, defendants' motion for summary judgment is GRANTED.

## FACTUAL BACKGROUND

On May 1, 2014, between 1:00 and 2:00 p.m., plaintiff was pulled over by Officer Thomas for disregarding a stop sign. Thomas was stationary in a fully marked police vehicle when he observed the infraction, activated his police lights and drove after plaintiff to initiate the traffic stop. Thomas requested plaintiff's driver's license, automobile registration and proof of insurance. Plaintiff presented the requested documents.

Officer Thomas attempted to run plaintiff's name through the Law Enforcement Information Network ("LEIN") in his car, but it was not operating properly. Thomas then telephoned the 11th Precinct and spoke with a LEIN Operator who ran plaintiff's driver's license number through the LEIN system at the precinct. The LEIN Operator informed Thomas that plaintiff's driver's license was suspended.

Based on this information, and knowledge acquired while working as a traffic enforcement officer that people frequently present fraudulent insurance documents, Thomas called Progressive Insurance Company to verify that plaintiff's insurance information was valid. The Progressive Insurance service representative informed Thomas that plaintiff's insurance police had been cancelled.

Thomas issued three citations to plaintiff for: (1) driving on a suspended license; (2) driving with no proof of insurance; and (3) presenting fraudulent insurance documents. Thomas also requested a tow truck to remove plaintiff's vehicle from the scene. Plaintiff testified that the incident, from the time of the stop to the time the tow truck removed his vehicle, took one hour. (Taras Nykoriak dep., p. 30) He also testified that no hostile words were exchanged. (Nykoriak dep., p. 32)

After his vehicle was towed, plaintiff went to the Secretary of State and presented the clerk with his driver's license. The clerk informed plaintiff that his driver's license was valid. (Nykoriak dep., p. 34) Plaintiff testified that he also called Progressive Insurance to verify that his insurance policy was valid. (Nykoriak dep., pp. 34-35) After doing this, plaintiff went to the Detroit Police Department 11th Precinct to complain about the tickets and the towing of his vehicle.

While plaintiff was at the precinct, Officer Thomas was summoned by the supervising Sergeant at the desk. Thomas asked the LEIN operator to run plaintiff's information again and at that time he learned that plaintiff's driver's license was in fact not suspended. Instead, the report showed that plaintiff's license to carry a concealed weapon had been suspended. Thomas also called Progressive Insurance again and was informed that since the time of his first phone call, the policy had been reactivated because they had received payment on the insurance premium. (Nykoriak dep., p. 45)

Officer Thomas told plaintiff that he did not have authority to cancel tickets that had already been issued, but that plaintiff should attend court on the citations and that he would explain the situation to the prosecutor. Plaintiff was arraigned and attended a pretrial conference. On the date of trial, Officer Thomas explained the situation to the city attorney, who, after learning that plaintiff's insurance policy was still active and his license was valid, dismissed all of the tickets issued on May 1, 2014.

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material*

fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (*citing Anderson*, 477 U.S. at 252).

## ANALYSIS

I. City of Detroit

Plaintiff alleges that the City of Detroit violated his due process rights under the Fourteenth Amendment by issuing citations based on information it knew was untrue and failing to withdraw said citations. "A municipality cannot be liable for the constitutional torts of its employees; that is, it

cannot be liable on a respondeat superior theory." *Powers v. Hamilton Cty. Cty. Pub. Def. Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

A plaintiff seeking to impose liability against a municipality under § 1983 must establish the existence of an underlying policy or custom causing the alleged injury. *Monell*, 436 U.S. at 692. First, a plaintiff must show that he suffered the deprivation of a constitutional right. Second, the plaintiff must show that the alleged deprivation occurred at the hands of the actor, while acting under color of law. Thus, a municipality can only be liable for a constitutional violation if the plaintiff can show that "the municipality engaged in a 'policy or custom' that was the 'moving force' behind the deprivation of the plaintiff's rights." *Powers*, 501 F.3d at 607 (citing *Monell*, 436 U.S. at 694). The deprivation of plaintiff's rights must result from execution of the policy or custom at issue, whether established by the municipality's "lawmakers or by those whose edicts or acts may fairly be said to represent official policy . . . ." *Monell*, 436 U.S. at 694.

Plaintiff argues that the City of Detroit has an unconstitutional policy of refusing to rescind tickets that they admit were erroneous. The policy that existed at the time of this incident, as described by Officer Thomas, was that once a citation was written it was turned over to the officer's

supervisor and the officer could not withdraw that citation.  Thomas stated that he believed his supervisor could withdraw a citation before it had been turned over to the prosecutor.

Under *Monell*, the policy at issue must cause the deprivation of a constitutional right.  In this case, there is no issue of fact that Officer Thomas had reasonable suspicion to conduct the traffic stop.  Contrary to plaintiff's assertion, Thomas testified at his deposition that he had an independent memory of witnessing plaintiff go "through the stop sign without stopping."  (Thomas dep., p. 24).  The only contrary evidence is plaintiff's own self-serving testimony that he came to a complete stop.  This court is "not required to accept unsupported, self-serving testimony as evidence sufficient to create a jury question."  *Brooks v. Am. Broadcasting Cos., Inc.*, 999 F.2d 167, 172 (6th Cir. 1993).  Therefore, the initial stop of plaintiff was not a violation of his Fourth Amendment rights.

To the extent that plaintiff has alleged negligence or any intentional torts against the City of Detroit, the City is immune from tort liability under the Governmental Liability for Negligence Act, MCL 691.1401 et seq.

Defendants' motion for summary judgment is granted as to plaintiff's claims against the City of Detroit.

II. Officer Thomas

A governmental officer who violates an individual's clearly established constitutional rights is entitled to qualified immunity if (1) the officer believed his or her conduct did not violate those rights and (2) the officer's belief was objectively reasonable. *Davis v. Sherer*, 468 U.S. 183 (1984). The objective reasonableness of an officer's actions is determined by the law existing at the time of the conduct at issue. *Anderson v. Creighton*, 483 U.S. 635 (1987).

As discussed above, the court finds that reasonable suspicion existed for Officer Thomas to stop plaintiff for committing the traffic infraction of failure to stop. Officer Thomas' actions that occurred after the traffic stop are protected by qualified immunity. First, Thomas received information from the LEIN operator that plaintiff's driver's license was suspended and it was reasonable for him to rely on this information in issuing a citation for "driving on a suspended license." Next, Thomas was reasonable in relying on information provided by the insurance company that plaintiff's automobile policy was not effective in issuing a citation for "no proof of insurance" and "fraudulent insurance." Because it is against the law to operate a vehicle without a valid driver's license and with no proof of insurance, Thomas' decision to tow the vehicle did not violate a

clearly established right.  A warrantless seizure is appropriate where there is probable cause to believe that an automobile is associated with criminal activity.  *Autoworld Specialty Cars, Inc. v. United States*, 814 F.2d 385, 389 389 (6th Cir. 1987).  Summary judgment is granted for Thomas on plaintiff's Fourth Amendment claim.

Governmental employees are immune from tort liability for intentional torts, as well as negligence claims, for injury caused during the course of their employment if (1) the employee was acting within the scope of their authority; (2) the acts were undertaken in good faith or were not undertaken with malice; and (3) the acts were discretionary, as opposed to ministerial.  MCL 691.1407(2); *Odom v. Wayne County*, 482 Mich. 459, 480 (2008).

Regarding plaintiff's claims of malicious prosecution and intentional infliction of emotional distress against Officer Thomas, the evidence supports a finding that Thomas' actions were taken in good faith and without malice.  Plaintiff himself testified that he and Thomas did not exchange any hostile words during their encounter.  Thomas' determination determination that he had reasonable suspicion to stop plaintiff, and his decision to issue the citations and tow plaintiff's vehicle, were discretionary acts.  Thomas relied on his judgment in making the decisions.  *See Odom*,

*Odom*, 482 Mich. at 459. For these reasons, the court finds that defendant defendant Thomas is entitled to governmental immunity for the intentional torts of malicious prosecution and intentional infliction of emotional distress.

CONCLUSION

For the reasons given above, defendants' motion for summary judgment judgment is GRANTED.

Dated: September 11, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 11, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk